```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**GEOFFREY L. RASHAW-BEY,**

                      **Plaintiff,**

      v.                                  CASE NO. 09-3235-SAC

**UNITED STATES OF AMERICA, et al.,**

                      **Defendants.**

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff's motion captioned as "Return Service" (Doc. 6).

**Background**

Plaintiff commenced this civil action on October 29, 2009. By an order entered on November 12, 2009 (Doc. 4), the court granted leave to proceed in forma pauperis and dismissed the matter. The order advised plaintiff that collection of the $350.00 filing fee would commence upon his satisfaction of earlier fee obligations assessed in Case Nos. 08-3287 and 09-3075.

Plaintiff did not file an appeal.

**Discussion**

In the present motion, plaintiff seeks (1) reimbursement for a $40.00 payment taken from his institutional account on February 1, 2011, and account records; (2) court records proving that he agreed to pay filing fees; and (3) a copy of all payments showing transaction numbers.

The court will address these points in sequence. First, it

appears the $40.00 payment from plaintiff's institutional account in February 2011 was credited toward the filing fee in Case No. 09-3075-JAR, *Rashaw-Bey v. Carrizalles, et al.*[1] A review of the docket sheet in that matter shows plaintiff was granted leave to proceed in forma pauperis in that matter. There is no apparent basis for the reimbursement sought by plaintiff; rather, it appears the payment was applied toward a fee obligation in a civil action initiated by the plaintiff.

Next, plaintiff appears to assert that he never agreed to pay filing fees in the cases he has filed. The filing fee, however, is statutory, *see* 28 U.S.C. § 1914, and plaintiff is obligated to pay the fee in an action he files even though he has been allowed to proceed in forma pauperis under 28 U.S.C. § 1915. Under the Prison Litigation Reform Act of 1995 (PLRA), a prisoner proceeding in forma pauperis is required to submit an initial partial filing fee calculated upon the prisoner's financial records for the six-month period preceding the filing. 28 U.S.C. § 1915(b)(1).  Thereafter, the agency having custody of the prisoner must submit installment payments calculated upon the inmate's monthly income. § 1915(b)(2). *See also Purkey v. Green*, 28 Fed. Appx. 736, 746 (10th Cir. 2001)("Section 1915(b) does not waive the filing fee, ... nor does it condition payment of the filing fee on success on the merits... Notwithstanding the district court's dismissal of plaintiff's action, [a prisoner] is still required to pay the full filing fee to

---

[1] A copy of the docket sheet in that action is attached.

2

the district court.")

Plaintiff was advised of his obligation to pay the full filing fee. The court's order granting leave to proceed in forma pauperis explained the manner of calculating installment fee payments and stated: "Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account." (Doc. 4, n.1.) Thus, plaintiff's complaint and motion to proceed in forma pauperis create an obligation to pay the filing fee, and he is not entitled to relief from that obligation.

Finally, plaintiff requests copies of the financial transactions and records that reflect his payments to the court.

The court's records reflect that plaintiff has filed seven actions during his incarceration in this district. Two of those actions, namely, Case No. 09-3001-RDR, *Rashaw-Bey v. Federal Bureau of Prisons, et al.*, and Case No. 09-3043, *Rashaw-Bey v. Nalley, et al.*, are habeas corpus actions not subject to the PLRA. *See United States v. Simmonds*, 111 F.3d 737 (10th Cir. 1997)(PLRA does not encompass habeas corpus actions or related appeals).

The remaining five cases are civil actions covered by the PLRA, and the court will direct the clerk of the court to transmit to the plaintiff copies of financial payment records maintained by the

clerk concerning these actions.[2]

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion (Doc. 6) is denied in part and granted in part. Plaintiff's requests for reimbursement and relief from the fee obligations in this matter are denied. Plaintiff's request for copies of relevant payment records is granted, and the clerk of the court is directed to transmit to him a copy of records maintained in Case Nos. 08-3287, 09-3075, 09-3081, 09-3083, and 09-3235.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED: This 24th day of February, 2012, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[2] The court notes that it enters similar orders on this date in Case Nos. 09-3081 and 09-3235. While electronic copies of the financial records will be entered in each case, only one set of paper copies need be transmitted to the plaintiff in satisfaction of these orders.